UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

KEVIN MASSIMINO,
ROBERT CADDICK, and
DON RIGGANS

CASE NO. 8:08-cr-00170-T-26EAJ
21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21 U.S.C. § 853 (Forfeiture)

FILED 08 APR 10 PM 4:10 CLERK U.S. DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA, FLORIDA

### INDICTMENT

The Grand Jury charges:

### COUNT ONE

From an unknown date which was at least in or about December, 2003, through on or about March 16, 2008, in Pasco County, in the Middle District of Florida, and elsewhere,

KEVIN MASSIMINO,
ROBERT CADDICK, and
DON RIGGANS,

the defendants herein, did knowingly and willfully conspire and agree with persons both known and unknown to the Grand Jury to possess with intent to distribute and to distribute hydrocodone, a Schedule III controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(D).

## COUNT TWO

On or about February 18, 2008, at Lakeland, in the Middle District of Florida, and elsewhere,

KEVIN MASSIMINO, and
ROBERT CADDICK,

the defendants herein, did knowingly and intentionally possess with intent to distribute and distribute hydrocodone, a Schedule III controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

## FORFEITURE

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853.

2. From their engagement in any and all of the violations alleged in Counts One and Two of this Indictment, punishable by imprisonment for more than one year, and which counts are realleged and incorporated as if more fully set forth herein, the defendants,

KEVIN MASSIMINO,
ROBERT CADDICK, and
DON RIGGANS,

shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), all of their interest in:

    a. Property constituting and derived from any proceeds the defendant obtained, directly or indirectly, as the result of such violations; and

  b. Property used and intended to be used in any manner or part to commit or to facilitate the commission of such violations.

3. Such forfeiture shall include all property, real or personal, tangible or intangible, including any interest in said property of the defendant, and to specifically include monies located in Sun Trust Bank Accounts Numbers 1000040725177 and 1000073033770.

4. If any of the property described above as being subject to forfeiture, as a result of any act of omission of the defendants:

  a. cannot be located upon the exercise of due diligence:

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up the value of the above forfeitable property.

All in violation of Title 21, United States Code, Section 853.

A TRUE BILL,

____David B. Slayer____
Foreperson

ROBERT E. O'NEILL
United States Attorney

By: _____
ANTHONY E. PORCELLI
Assistant United States Attorney

By: _____
ROBERT T. MONK
Assistant United States Attorney
Deputy Chief, General Crimes

# UNITED STATES DISTRICT COURT

Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

KEVIN MASSIMINO, ET AL.

## INDICTMENT

Violations:

21:846
21:841(a)(1)
21:853 (Forfeiture)

A true bill,

_____
*David B. Flayer* (signature)
Foreperson

Filed in open court this 10th day

of April, A.D. 2008.

_____
Clerk

Bail $_____